UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHAD WATKINS<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TUOLUMNE COUNTY JAIL,<br><br>　　　　Defendant. | Case No.: 1:18-cv-01096-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 15] |

Plaintiff Raymond Chad Watkins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed October 9, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by individuals who are proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Tuolumne County Jail has a policy of refusing grievances and restricting access to the courts. There is also a custom to retaliate and restrict the rights of inmates who try to continue to file grievances.

The facility adopted an arbitrary rule from Title 15 stating that grievance requests should be handled at the post Deputy level if possible. This policy gave rise to a custom of automatically denying grievances and saying the issue if handled when in fact it is not. Plaintiff has a very long history of being beat and harassed for requesting citizen complaint forms and grievances from both Tuolumne County Jail and the Superior Court dating back to 2003.

///

///

# III.

# DISCUSSION

### A. Grievance Policy/Tuolumne County Jail

As with the original complaint, the only named Defendant in the first amended complaint is the Tuolumne County Jail.

Under section 1983 a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

To state a claim, "[i]t is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference'" to his constitutional rights. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831 (2017). The deliberate indifference standard is satisfied where a plaintiff alleges facts available to the municipality's policymakers that "put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." Castro, 833 F.3d at 1076.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Here, Plaintiff has not linked any alleged violation of his rights to a policy or practice attributable to the Tuolumne County Jail, nor has he provided facts to support that Tuolumne County Jail knew of, and blatantly ignored, the alleged violations committed by its employees. The fact that Tuolumne County Jail created a policy that grievances were to be handed at the post Deputy level if

possible, does not give rise to an unconstitutional violation. Plaintiff fails to explain how or why the alleged policy violates his constitutional rights other than the mere conclusion that all grievances are automatically denied. Therefore, Plaintiff has failed to state a cognizable claim against the Tuolumne County Jail.

**B.     Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. The failure to allege an actual injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (citing Lewis, 518 U.S. at 353 & n.4). In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." Id. at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

To the extent Plaintiff attempts to bring a denial of access to the courts claim, Plaintiff fails to state a cognizable claim. Although Plaintiff contends that his grievances are "automatically denied", Plaintiff has alleged no actual prejudice with respect to any action which resulted from prison officials alleged failure to respond to an appeal. Accordingly, Plaintiff has failed to allege a cognizable claim for interference with his access to the courts stemming from any alleged inadequacies of the inmate appeals process at Tuolumne County Jail.

**C.     Retaliation**

Prisoners [and pretrial detainees] have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the

4

First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison [pretrial] context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Minor acts such as "bad mouthing" and verbal threats usually cannot reasonably be expected to deter protected speech and therefore do not violate a plaintiff's First Amendment rights. See Coszalter v. City of Salem, 320 F.3d 968, 975-76 (9th Cir. 2003).

Here, as with the original complaint, Plaintiff contends he was subjected to retaliation because he requested to file grievances, but he fails to provide the Court with any clear understanding of who did what, and how his First Amendment rights were violated. Although Plaintiff contends he was beat and harassed, he fails to provide supporting facts as to who was responsible and what actually took place. Conclusory statements about being beat or subject to harassing actions are insufficient. Accordingly, Plaintiff fails to state a cognizable claim for retaliation.

### D. Appointment of Counsel

Plaintiff makes reference to filing a motion seeking appointment of counsel. (Am. Compl. at 5, ECF No. 15.)

Plaintiff is advised he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the does not find the required exceptional circumstances, and his request for counsel is denied.

**E.     Class Action**

In the demand for relief, Plaintiff states that he seeks damages based on "class action settlement for all affected by the illegal policy." (Am. Compl. at 6, ECF No. 15.)

Plaintiff is advised that he cannot bring this action on behalf of other inmates. Class action Plaintiffs must be represented by counsel "best able to represent the interests of the class." Fed. R. Civ. P. 23(g). "A litigant appearing in propria persona has no authority to represent anyone other than himself." Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); see also McShane v. United States, 366 F.2d 286 (9th Cir. 1966) (privilege to appear without counsel is personal to the litigant). "It is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1985). Therefore, Plaintiff cannot seek relief or proceed as a class action in this instance.

**IV.**

**CONCLUSION AND RECOMMENDATION**

For the reasons discussed herein, Plaintiff fails to state a cognizable claim for relief based on the alleged inadequate medical care. Despite being given the applicable legal standards and opportunity to cure the deficiencies in the complaint, Plaintiff has still failed to allege facts sufficient to state a claim upon which relief can be granted. Therefore, under these circumstances granting Plaintiff further leave to amend would be futile. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutmann Wine Co., v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed without further leave to amend for failure to state a cognizable claim for relief; and

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 17, 2018**

UNITED STATES MAGISTRATE JUDGE