UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHAD WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY JAIL,<br><br>Defendant. | Case No.: 1:18-cv-01096-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 22] |

Plaintiff Raymond Chad Watkins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed December 26, 2018.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by individuals who are proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

At the time of the alleged violations, Plaintiff was housed at Tuolumne County Jail as a pretrial detainee. Plaintiff names Deputies Neri, Oliver, Cannon, Hobbs or Holt, and Does 1 through 20, as Defendants. As with Plaintiff's prior two complaints, he presents various conclusory allegations devoid of factual support.

On February 28, 2018, Plaintiff was beat up and harassed for requesting a grievance to report some Prison Rape Elimination Act ("PREA").

Deputy Neri wrote Plaintiff up for requesting a grievance after he requested to see the nurse for his PREA report. Nurse Crystal refused to take Plaintiff's PREA report.

Jail policy is to reject grievances at the post-Deputy level. Jail rule is that all grievance requests must be made to jail post-Deputies. Plaintiff wrote letters to Lieutenant McKaide on multiple

2

occasions. Jail policy is to punish those who request grievances by putting them in administrative segregation cells.

Deputy Oliver failed to protect Plaintiff by taking his shoes from him when he was placed in a rubber room knowing there was poop all over.

Deputy Cannon knew Plaintiff had to show the nurse his legal mail and rule book but knew he could not keep it in his cell.

## III.

## DISCUSSION

### A. Retaliation

"Prisoners [and pretrial detainees] have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison [pretrial] context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Minor acts such as "bad mouthing" and verbal threats usually cannot reasonably be expected to deter protected speech and therefore do not violate a plaintiff's First Amendment rights. See Coszalter v. City of Salem, 320 F.3d 968, 975-76 (9th Cir. 2003).

Plaintiff's allegations that he was beat up and harassed for requesting a grievance is insufficient to give rise to a cognizable claim for retaliation. As with Plaintiff's prior complaint, Plaintiff has failed to provide any factual allegations to support his claim and/or identify and link the jail officials who alleged retaliated against him. Accordingly, Plaintiff fails to state a cognizable claim for relief.

///

///

**B.     Cruel and Unusual Punishment**

"[P]re-adjudication detainees retain greater liberty protections than convicted ones." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-536 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-1018 (9th Cir. 2010). It is the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, which governs pretrial detainees. Castro v. County of Log Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016).

In order to state a cognizable claim, Plaintiff must plead as follows:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.

Castro, 833 F.3d at 1071. With respect to the third element, the defendant's conduct must be "objectively unreasonable." Id. (citing Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015).

Plaintiff's vague claim that Deputy Oliver failed to protect him by taking his shoes from Plaintiff when he was placed in a rubber room knowing there was "poop" all over the room fails to give rise to a cognizable constitutional violation. Plaintiff's vague claim that he was subjected to a room with feces, without more, is insufficient to give rise to a cognizable constitutional claim against Deputy Oliver. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**C.     PREA**

Section 1983 imposes liability on anyone who, under color of stat law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" Blessing v. Freestone, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." Id. (emphasis in original) (citing Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106 (1989)). The PREA, 42 U.S.C. §§ 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012

WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012); see also Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029562, at *4 (E.D. Cal. Dec. 15, 2009). Thus, since the Act itself contains no private right of action, nor does it create a right enforceable under § 1983, to the extent Plaintiff's claims that he was injured by the failure to report sexual conduct is an attempt to assert claims under the PREA, which fails to state a claim for relief.

### D. Inmate Grievance Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, allegations that jail officials denied or refused to process grievances do not state a cognizable claim for a violation of Plaintiff's due process rights.

### IV.
### CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, Plaintiff fails to state a cognizable claim for relief. Despite being given the applicable legal standards and two opportunities to cure the deficiencies in the complaint, Plaintiff has again failed to allege facts sufficient to state a claim upon which relief can be granted. Therefore, under these circumstances granting Plaintiff further leave to amend would be futile. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutmann Wine Co., v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief;
2. The Clerk of Court be directed to terminate this action.

///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 3, 2019**

UNITED STATES MAGISTRATE JUDGE